UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BELLE ISLE, LLC** | * | **CIVIL NO. 6:16-0259** |
| **VERSUS** | * | **JUDGE JAMES** |
| **APACHE CORP.** | * | **MAGISTRATE JUDGE WHITEHURST** |

### REPORT AND RECOMMENDATION

Currently pending before me for Report and Recommendation is the Motion to Remand filed by plaintiff, Belle Isle, L.L.C. ("Belle Isle"), on March 25, 2016. [rec. doc. 11]. Defendant, Apache Corp. ("Apache"), filed opposition on April 18, 2016. [rec. doc. 15]. On April 26, 2016, the undersigned allowed the jurisdictional discovery conducted by the parties in the matter entitled *Apache Corporation v. Belle Isle, L.L.C.*, Docket No. 16-cr-0111 (the "Dec. Action") to be used as evidence in the case, and to file supplemental briefs. [rec. doc. 20].

On May 18, 2016, Apache filed its supplemental memorandum in opposition to the motion to remand. [rec. doc. 29]. Belle Isle filed a supplemental reply on May 25, 2016. [rec. doc. 30]. Oral argument was held on June 15, 2016, after which the undersigned took the motion under advisement.

For the following reasons, the undersigned recommends that plaintiff's Motion to Remand be **GRANTED**.

## I. Background

Belle Isle filed an action against Apache in the 16th Judicial District Court ("JDC"), Parish of St. Mary, State of Louisiana, asserting a claim for breach of contract based on Apache's failure to comply with a settlement agreement. Apache removed the action to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Originally, Belle Isle filed suit against Apache on May 4, 2010, in the 16th JDC seeking environmental remediation and cleanup of Belle Isle's property in the Belle Isle Oil and Gas Field in St. Mary Parish (the "Original Suit"). Belle Isle and Apache entered into a settlement agreement on February 14, 2013, to resolve the Original Suit. After a dispute arose regarding enforcement of the settlement agreement, Belle Isle filed a Petition for Injunctive Relief and Damages in the 16th JDC on January 25, 2016.

On February 25, 2016, Apache removed this matter from state court based on diversity of citizenship of the parties. Apache is a Delaware corporation with its principal place of business in Texas. [Notice of Removal, ¶ 2]. Belle Isle's sole member is Chester Morrison ("Morrison"), whom Belle Isle asserts is a citizen of Texas. [rec. doc. 30, Affidavit of Chester F. Morrison, Jr. ("Morrison Affidavit"), ¶ 2]. Apache contends that Morrison is a resident of Louisiana.

On March 25, 2016, Belle Isle filed a motion to remand on the grounds that both Belle Isle and Apache are citizens of Texas; therefore, complete diversity does not exist. [rec. doc. 11].

## II. Legal Standard And Analysis

### A. Motion to Remand

The federal removal statute, 28 U.S.C. § 1441(a), allows for the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." Subsection (b) specifies that suits arising under federal law are removable without regard to the citizenship of the parties; all other suits are removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004).

To remove a case based on diversity, the diverse defendant must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied. *Id*. Relatedly, a district court is prohibited by statute from exercising jurisdiction over a suit in which any party, by assignment or otherwise, has been improperly or collusively joined to manufacture federal diversity jurisdiction. *Id*. Motions to remand from a federal district court to a state court are governed by 28 U.S.C. § 1447(c), which provides, in part, that: "If

at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Doyle v. Tidewater Inc.*, — F.Supp.3d —, 2015 WL 7432359, at *4 (E.D. La. Nov. 23, 2015); *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014).

Subject matter jurisdiction over a state claim in federal court under 28 U.S.C. § 1332(a) exists when the amount in controversy is satisfied and there is complete diversity of citizenship between the parties. *Id*. The burden is on the removing party to show that removal is proper.

Because removal raises significant federalism concerns, the removal statutes are strictly and narrowly construed, with any doubt resolved against removal and in favor of remand. *Doyle*, 2015 WL 7432359, at *4 (*citing Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008)). In short, any doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction. *Id*. (*citing Vantage Drilling*, 741 F.3d at 537).

### B. Jurisdictional Analysis

Belle Isle argues that because complete diversity does not exist between the parties, remand should be granted. Apache opposes on the grounds that the parties are diverse; thus, this Court has jurisdiction.

Section 1332(c)(1) deems a corporation a citizen of every State in which it

is incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Vantage Drilling*, 741 F.3d at 537. Apache is a Delaware corporation with its principal place of business in Texas. Thus, Apache is a citizen of Delaware and Texas.

The citizenship of an LLC is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Belle Isle's sole member is Morrison, whom Belle Isle asserts is a resident of Texas. Apache argues that Morrison is actually a resident of Louisiana.

Citizenship is based on domicile, *i.e.*, where an individual resides and intends to remain. *Alphonse v. Arch Bay Holdings, L.L.C.*, 618 F.App'x 765, 767 (5th Cir. 2015) (*citing Acridge v. Evangelical Lutheran Good Samaritan Soc.*, 334 F.3d 444, 448 (5th Cir. 2003)). When a person relocates, "there is a presumption of continuing domicile." *Galladora v. Waffle House, Inc.*, 2016 WL 3136229, at *2 (E.D. La. June 6, 2016) (*citing Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996)). To defeat this presumption, the proponent of a change in domicile must demonstrate both "(1) physical presence at the new location, and (2) an intention to remain there indefinitely." *Id.* (*citing Coury*, 85 F.3d at 250). However, "there is no durational residency requirement," and domicile is established "once presence in the new state and intent to remain are met." *Id.* (*citing Acridge*, 334

F.3d at 448).

In determining intent, "[n]o single factor is determinative," and "the court should look to all evidence shedding light on the litigant's intention to establish domicile," including "the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has a driver's or other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." *Id*. (*citing Coury*, 85 F.3d at 251).

In support of its argument that Morrison is a Texas citizen, Belle Isle submitted Morrison's Affidavit. In the Affidavit, Morrison states that he currently resides at 335 Terrace Dr., Houston, Texas, 77007, and that he purchased this home on February 23, 2015. [Morrison Affidavit, ¶ 3; rec. doc. 30, Exhibit B, Answer to Interrogatories Nos. 1, 2]. Significantly, he further indicates that he "intend[s] to remain in Texas indefinitely." [Morrison Affidavit, ¶ 8].

Additionally, Morrison states that he has resided at his home in Houston, Texas for over a year; he has purchased Texas homeowners and umbrella insurance policies [rec. doc. 30, Exhibit C, Dec. Sheet]; his personal car is taxed, titled, registered, and insured in Texas [rec. doc. 30, Exhibit D, Tax Collector's Receipt]; he works at offices and businesses located in Houston, Texas [rec. doc.

30, Exhibit B, Answer to Interrogatory No. 7], he has paid property taxes and motor vehicle taxes for 2015 in Texas; and he is a member of the Houstonian Club Gym [rec. doc. 30, Exhibit B, Answer to Interrogatory No. 11]. [Morrison Affidavit, ¶¶ 3, 4, 6, 7, 8]. Further, he states that he is scheduled to obtain a Texas Driver's License and a Texas voter's registration by the end of February 2016.[1] [Morrison Affidavit, ¶ 8].

In response, Apache argues that Morrison is still a citizen of Louisiana for diversity jurisdiction purposes because he claimed a homestead exemption on property located in Terrebonne Parish, Louisiana. [rec. doc. 29, Exhibit C, Declaration of Angela Benedict ("Benedict Decl."), ¶ 7, and Exhibit 1]. However, according to Benedict, Morrison's homestead exception was claimed on his 2015 taxes, which would indicate it was for the 2014 calendar year. Id. Morrison's Affidavit indicates that he has resided in Texas since 2015, and has paid property taxes for 2015. [Morrison Affidavit, ¶ 7]. Thus, this factor is not dispositive of the domicile issue.

Additionally, Apache contends that Morrison is still listed as the agent for

---

[1] Belle Isle asserts that Morrison, consistent with his stated intent, obtained a Texas Driver's License which lists his address as 335 Terrace Dr., Houston, Texas 77007. [rec. doc. 30, p. 2] Belle Isle has not submitted any proof to support this assertion and admitted, during oral argument, that such evidence would be in violation of the parties' joint stipulation regarding jurisdictional discovery. As such, this Court will not consider any evidence regarding Morrison's Texas Driver's license, other than Morrison's sworn affidavit stating his intent to obtain one.

service of process for four of his companies in Louisiana, which indicates his intent to remain in Louisiana. [rec. doc. 29, Exhibit D, Louisiana Secretary of State's Certificates of Information]. He does not, however, reside at the address used for his Louisiana businesses. His Affidavit clearly indicates that he resides in Texas, and this contention is undisputed. [Morrison Affidavit, ¶ 3].

Further, Apache argues that Morrison is still registered to vote in Louisiana, which shows that he intends to remain there. However, Angela Benedict's Declaration shows that Morrison has not voted in Louisiana since 2012. [Benedict's Decl., Exhibit 2]. Additionally, Morrison's Affidavit indicates that he intended to register to vote in Texas by the end of February, 2016. [Morrison Affidavit, ¶ 8]. Thus, this factor is not dispositive of the domicile issue.

After considering the evidence and the *Coury* factors, the undersigned finds that Morrison is domiciled in Texas for diversity purposes. He indicates that he pays taxes, owns real and personal property, belongs to a club, has places of business or employment, and has maintained a home there for over a year. *Coury*, 85 F.3d at 251). Most significantly, he has sworn, under oath, that he intends to remain in Texas.

Federal courts are courts of limited jurisdiction. *Howery v. Allstate Insurance Company*, 243 F.3d 912, 916 (5th Cir. 2001); *Montgomery v. State Farm*

*Fire & Cas. Co.*, 2008 WL 1733594, *1 (W.D. La. April 14, 2008). The burden of establishing subject matter jurisdiction rests with the party seeking to invoke it. *Howery*, 243 F.3d at 916. Further, "federal courts have been directed to construe the removal statute against removal and in favor of remand to state court." *Montgomery*, 2008 WL 1733594, at *1 (*citing Rush v. American Security Ins. Co.*, 2006 WL 3733817, *1 (E.D. La. Dec. 14, 2006)).

Here, the undersigned finds that Apache has failed to meet its burden of establishing that diversity jurisdiction exists. Thus, remand is required.

### III. Conclusion

Based on the foregoing reasons, the undersigned recommends that plaintiff's Motion to Remand [rec. doc. 11] be **GRANTED**, and that this case be remanded to the 16th Judicial District Court, Parish of St. Mary, State of Louisiana.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.Civ.Proc.72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN FOURTEEN (14) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED.R.CIV.P. 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR.** *DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION*, 79 F.3D 1415 (5TH CIR. 1996).

Signed this 16th day of June, 2016, at Lafayette, Louisiana.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE