UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **BELLE ISLE, LLC.** | **CIVIL ACTION NO. 16-0259** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **APACHE CORP.** | **MAG. JUDGE CAROL B. WHITEHURST** |

**RULING**

This dispute arises from a settlement agreement between Plaintiff Belle Isle, L.L.C. ("Belle Isle") and Defendant Apache Corporation ("Apache"). [Doc. No. 1]. Belle Isle filed suit in the Sixteenth Judicial District Court, St. Mary Parish, State of Louisiana. *Id.* Apache removed on the basis of diversity jurisdiction under 28 U.S.C § 1332. *Id.* Belle Isle seeks a declaratory judgment that Apache has breached the settlement agreement between the parties regarding property located in St. Mary Parish, Louisiana.

Belle Isle filed a Motion to Remand [Doc. No. 11] which is pending before the Court. Magistrate Judge Carol B. Whitehurst issued a Report and Recommendation [Doc. No. 32] on the motion. Magistrate Judge Whitehurst recommends granting the motion and remanding the case to state court. Apache filed objections. [Doc. No. 33]. Belle Isle filed a response to those objections. [Doc. No. 34]. Apache then filed a reply in further support of the objections. [Doc. No. 37].

After a *de novo* review, the Court finds Magistrate Judge Whitehurst correctly stated and applied the law. The Court hereby ADOPTS her Report and Recommendation. The Court issues this Ruling to address Apache's objections to the Report and Recommendation.

First, Apache objects to Magistrate Judge Whitehurst's analysis of its homestead exemption argument. Magistrate Judge Whitehurst rejected the argument because she was not persuaded that,

at the time this suit was filed, Belle Isle's sole member Chester Morrison ("Morrison") claimed a homestead exemption in Louisiana. Apache indicates that this was error because Morrison continues to claim the Louisiana homestead exemption. But, to the extent this was error on Magistrate Judge Whitehurst's part, it was harmless. Even if Morrison continues to claim the Louisiana homestead exemption, it is but one element of the analysis. It is not so important as to change the ultimate outcome. *See Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996) (noting that, in determining domicile, the court must address a variety of factors; no single factor is determinative). Here, there were a number of factors indicating a Texas domicile. The objective evidence, coupled with Morrison's subjective declaration that he intended to remain in Texas indefinitely, is more than enough to find that Morrison was domiciled in Texas at the time of suit.

Second, Apache seems to insist that Morrison's status as agent for service of process for multiple Louisiana companies is dispositive. The Court disagrees. While it is a factor, which Magistrate Judge Whitehurst considered, Apache cites no case for the proposition that Morrison's status should be determinative of his domicile. This fact was considered along with a host of other factors. Ultimately, Magistrate Judge Whitehurst concluded–correctly–that Belle Isle had shown that Morrison changed his domicile to Texas for purposes of diversity jurisdiction.

Third, Apache complains that Magistrate Judge Whitehurst gave excessive weight to Morrison's declaration in which he declared that he intended to remain in Texas indefinitely. Citing *Coury*, Apache claims that when Morrison's testimony on intent conflicts with *any* contrary evidence, it is to be given little or no weight. The Court does not read *Coury* so broadly.

In *Coury*, the plaintiff, a citizen of California, had sued the defendant, a dual citizen of the United States and France. *See Coury*, 85 F.3d at 247. However, an American national living abroad

cannot sue or be sued in federal court under diversity jurisdiction unless the party is domiciled in a particular state. At issue in the case was whether the defendant had established a new domicile in France or had retained his Texas domicile, thus conferring the federal court with diversity jurisdiction. *Id*. The defendant initially averred that he was domiciled in France. *Id*. at 251. However, he recanted this testimony on multiple occasions. *Id.* The Fifth Circuit found that the defendant's testimony as to his French domicile was entitled to little weight because he had given the court reason to doubt his credibility. Accordingly, the *Coury* Court held that the defendant failed to show that he had indeed changed domiciles. In so ruling, the court cited black letter law which states that a subjective declaration of intent will be afforded little weight when it conflicts with the objective evidence. *Id*.

In this case, as opposed to *Coury*, Morrison has not recanted his testimony; thus, the Court need not completely dismiss it. Where the proponent of a changed domicile offers subjective evidence, the issue is whether there are grounds to doubt the veracity of the testimony. And in this case, the objective evidence–conflicting as it is–does not so undercut Morrison's testimony as to completely discredit his subjective declaration of intent. Thus, Magistrate Judge Whitehurst correctly considered the affidavit as a factor in favor of a Texas domicile.

Next, Apache contends that Magistrate Judge Whitehurst inappropriately considered Morrison's statements in his affidavits that he was "scheduled to obtain a Texas drivers [sic] license and a Texas voter registration by the end of February 2016." According to Apache, these statements do not support the Magistrate Judge's conclusion because there was no evidence in the record showing that either of those intentions came to fruition. Again, to the extent Magistrate Judge Whitehurst considered intentions that did not come to pass, the error is harmless. The evidence,

viewed in its entirety, readily supports the ultimate conclusion that Morrison was domiciled in Texas at the time of suit.

Finally, Apache lists evidence that the Report and Recommendation failed to mention, or discounts, which could weigh against a Texas domicile, including (1) the fact that Morrison has a Louisiana residence on which he pays taxes; (2) the fact that Morrison has a vehicle registered in Louisiana; (3) the fact that Morrison continues to claim a Louisiana homestead exemption; (4) the fact that Morrison is a principal in a large number of Louisiana companies; and (5) the fact that Morrison is still listed as the registered agent to receive service of process for multiple Louisiana companies.

This argument is essentially a rehash of previously made arguments, which were considered by Magistrate Judge Whitehurst and further considered by this Court on *de novo* review. The Court agrees with Magistrate Judge Whitehurst that the objective and subjective evidence are sufficient to find that Morrison is domiciled in Texas.

Accordingly, for the foregoing reasons, and for the reasons set forth in Magistrate Judge Whitehurst's Report and Recommendation, Belle Isle's Motion to Remand is GRANTED. The case is remanded to the Sixteenth Judicial District Court, St. Mary Parish, State of Louisiana.

MONROE, LOUISIANA, this 27th day of October, 2016.

                                                 ROBERT G. JAMES
                                                 UNITED STATES DISTRICT JUDGE